NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**7800 RICCHI LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1704

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01798-DAT, Judge David A. Tapp.

---

Decided: November 16, 2021

---

DREW WILLIAM MARROCCO, Dentons US LLP, Washington, DC, for plaintiff-appellant. Also represented by SPENCER HAMILTON, Dallas, TX; JOHN DAVID BLAKLEY, BLAKE BROWNSHADEL, Dunn Sheehan LLP, Dallas, TX.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, MARTIN F. HOCKEY, JR.

---

Before NEWMAN, REYNA, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

7800 Ricchi LLC (Ricchi) appeals the United States Court of Federal Claims (Claims Court) entry of summary judgment against its claim that the United States Postal Service (USPS) breached the implied duty of good faith and fair dealing in the lease contract between them. For the reasons stated below, we *affirm*.

## BACKGROUND

USPS leased space from Ricchi and its predecessor in Dallas, Texas between 1993 and 2018. The last lease agreement expired in November 2018. Before the expiration of the latest lease, USPS experienced issues with the building causing it to consider relocating to a different existing building or constructing a new building on USPS-owned land.

Given the timeline for USPS to relocate, it sought a twelve-month lease extension from Ricchi. Ricchi sought a longer term, and the parties discussed the possibility of an eighteen-month extension. The parties never formalized an extension.

In May 2018, as the parties were negotiating a potential lease extension, an existing building that USPS was interested in became available. USPS immediately began negotiating to purchase the building and executed a purchase and sale agreement on July 19, 2018.

In late July 2018, Ricchi learned that USPS was planning to relocate and accused USPS of relocating without proper notice. USPS replied that it intended to honor the lease through its expiration date of November 30, 2018.

The Postmaster General approved funding to buy USPS's desired building in August of 2018, and USPS closed on the building in September of 2018. USPS

subsequently informed Ricchi that it would vacate by November 30, 2018—the end of the lease term.

Ricchi then brought a breach of contract action in the Claims Court. The crux of its claims was that the parties had entered into a new, binding agreement by virtue of their discussions over the never-executed, short-term lease extension. The Claims Court entered summary judgment that the negotiations did not rise to an express or implied contract; Ricchi does not challenge this ruling on appeal.

Ricchi also asserted a claim that USPS breached the implied duty of good faith and fair dealing under the parties' existing contract. In response to USPS's summary judgment motion, Ricchi argued that USPS had a duty to disclose to Ricchi USPS's discussions with third parties about relocating. Ricchi did not cite any provision of the contract that formed a basis for any such alleged duty.

The Claims Court granted summary judgment as to Ricchi's implied duty claims for two reasons. *See 7800 Ricchi, LLC v. United States*, 152 Fed. Cl. 331, 339 (2021). First, the Claims Court noted that the implied duty ensures that both parties receive the expected "fruits" of the contract. As Ricchi's "fruits" from the contract were rent from USPS, and as USPS paid all rent it was obligated to pay, Ricchi had thus received its "fruits." *See id.* Second, the Claims Court noted that "[t]he scope of the implied duty of good faith must be tethered to and grounded in the terms of the existing contract and do not attach to negotiations." *See id.* (cleaned up) (citing *Dobyns v. United States*, 915 F.3d 733, 740–41 (Fed. Cir. 2019)). But Ricchi cited no contractual term to which the implied duty attaches, and no new contract was formed.

Ricchi timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Ricchi argues on appeal that the Claims Court erred because the duty of good faith and fair dealing attaches to the "Renewal Options" provision in the parties' latest lease agreement. *See* Appellant's Br. 16. That "Renewal Options" provision, according to Ricchi, required USPS to disclose its discussions with third parties about potentially relocating from Ricchi's building. *See id.* at 17.

Notably, Ricchi does not fault the Claims Court's analysis of the "Renewal Options" provision. Nor could it; the Claims Court's opinion does not address the provision because, as the Government correctly observes, Ricchi never presented any argument based on that provision to the Claims Court. Despite this failure, we address Ricchi's "Renewal Option" argument and affirm on the merits.

The Lease's renewal option provides that "[t]he Lease may be renewed at the option of the Postal Service [from 12/01/2018 until 11/30/2023] provided that notice is sent, in writing, to the Landlord at least 270 days before the end of the original lease term." J.A. 16. It is undisputed that USPS never sent any such notice, either before or after the March 5, 2018 deadline.

Ricchi's reliance on the Renewal Options provision is problematic for two reasons. First, the provision expired on March 6, 2018, before any of the conduct Ricchi complains of—USPS's failure to disclose its negotiations for a new building in May through July of 2018. Thus, it cannot provide the basis for any implied duty. Second, Ricchi's characterization of the parties' short-term lease extension negotiations as being grounded in the renewal provision lack merit. The parties were clearly contemplating that the extension would be a separate agreement. Neither party referenced the expired Renewal Options provision during negotiations, nor was USPS seeking a five-year extension as required by that provision. The Renewal Provision, therefore, "cannot be the basis of a claim for breach of

the implied duty of good faith and fair dealing." *Dobyns*, 915 F.3d at 740–41.

## CONCLUSION

We have considered Ricchi's remaining arguments and find them unpersuasive.  For the reasons set forth above, we affirm the Claims Court's entry of summary judgment against Ricchi on its breach of implied duty claim.

### **AFFIRMED**